UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL OUELLETTE,                    Case No. 25-13022

    Plaintiff,                                Hon. F. Kay Behm
v.                                        United States District Judge

VILLAGE OF BEVERLY HILLS,

    Defendant.
_____ /

## ORDER DISMISSING CASE FOR LACK OF SERVICE PURSUANT TO RULE 4(m)

Federal Rule of Civil Procedure 4(m) requires the Court, after notice to the plaintiff, to dismiss without prejudice an action against a defendant who remains unserved after 90 days of filing of the complaint unless there is good cause not to do so.

Plaintiff filed his complaint in this case on September 24, 2025. ECF Nos. 1, 2.  Plaintiff therefore had until December 23, 2025, to effect service.  The court therefore issued a show cause order on January 5, 2026, for Plaintiff to explain why this case should not be dismissed for failure to prosecute.  ECF No. 6.

1

Plaintiff filed two subsequent papers intended as a response to that order; neither is substantively responsive, however, and so the court finds no good cause not to dismiss this action.

The first is a purported certificate of service on Defendant, the Village of Beverly Hills, Michigan. ECF No. 7. But that certificate is deficient in two ways. First, it indicates service on December 30, 2025, which is outside the time limit for service, and Plaintiff did not seek to extend the time for service for good cause. *See* Fed. R. Civ. P. 4(m). Nor, construing his responses liberally, does he advance any facts which would cause the court to find good cause to extend the time. Second, the certificate does not show that service was properly effected on the municipal entity. It indicates that service was made on "Beverly Hills," but does not identify any particular individual and so does not carry Plaintiff's burden to show that service was properly effected. *See* Fed. R. Civ. P. 4(j)(2) (service on unit of local government may be effected by service on its chief executive or in accordance with state law); Mich. Ct. R. 2.105(G)(3) (under Michigan law, service on a village may be effected by serving the president, the clerk, or a trustee of that village).

The second is a response to the show cause order (ECF No. 8), but in substance it only points the court back to that certificate of service at

2

ECF No. 7, which is deficient for the reasons explained. It also indicates that Plaintiff has tried to serve a subpoena on nonparties Michigan State Police and T-Mobile, but because they are nonparties and those allegations have nothing to do with showing that service was effected on Defendant, those arguments are irrelevant.

    Having given notice to Plaintiff, and without a showing of good cause for the failure to serve Defendant within the allotted time, this case is **DISMISSED** without prejudice under Federal Rule of Civil Procedure 4(m). Any other pending motions are denied as moot.

    **SO ORDERED**.

Date: January 22, 2026          <u>s/F. Kay Behm</u>
                                              F. Kay Behm
                                              United States District Judge